IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PEREZ, | Case No. 1:11-cv-00532 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| MARITZA PEREZ, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes. (Doc. 5.) Now pending before the Court is Plaintiff's complaint filed March 30, 2011. (Doc. 1.)

**I.   SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Because the Federal Court is a court of limited jurisdiction, the complaint must be dismissed.**

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, federal jurisdiction may be invoked if a civil action arises under the Constitution, laws, or treaties of the United States, see 28 U.S.C. § 1331, or if there is complete

diversity between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332. It is presumed that a cause lies outside this limited scope, and the burden of establishing the contrary rests upon the party asserting federal jurisdiction.  Kokkonen, 511 U.S. at 377; Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  As discussed below, where, as here, the complaint presents only state law claims that satisfy neither "federal question" nor "diversity" jurisdiction, the action must be dismissed for lack of jurisdiction.

**III.   THE COMPLAINT**

Plaintiff alleges in his complaint that in 2009, his "ex's" gave two checks for Nurse Martiza Perez to deposit into his account.  (Doc. 1 at 3.)  According to Plaintiff, however, Nurse Perez failed to deposit the checks and instead tried, unsuccessfully, to deposit the checks into her own account.  (Id.) In terms of relief, Plaintiff requests that Nurse Perez "pays what she owes [him]."  (Id.)

**IV.   DISCUSSION**

   **A.   Color of State Law**

As indicated above, to state a valid claim under § 1983 a plaintiff must show that the alleged constitutional deprivation was committed by a person acting under color of state law.  West, 487 U.S. at 48.  The key question in determining whether a person has acted under color of state law is whether that person's actions are "fairly attributable to the State."  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  Generally, state employees exercising responsibilities pursuant to state law act under color of state law.  West, 487 U.S. at 50.  As to private actors, the Ninth Circuit has recognized at least four ways in which a private actor may be considered to have acted under color of state law: (1) the private actor performs a public function; (2) the private actor engages in joint activity with a state actor; (3) the private actor is subject to coercion or compulsion by the government; or (4) there is a governmental nexus with the private actor.  Kirtley v. Rainey, 326 F.3d 1088, 1092-96 (9th Cir. 2003).

In this case, there is no indication that Defendant Perez is a state official or employee.  Nor do the facts show that Defendant Perez (1) was empowered by the state to serve a function "traditionally and exclusively governmental"; (2) engaged in joint activity with a state actor; (3) was significantly encouraged by the government in her actions; or (4) acted in a way such that there was a "close nexus"

between her actions and the state. See id. at 1092-96. Rather, Defendant Perez appears to be a purely private actor. As such, any claim for the deprivation of Plaintiff's rights caused by Defendant Perez' actions is not cognizable under § 1983.

### B.  Due Process [1]

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). If a meaningful postdeprivation remedy is available, only authorized, intentional deprivations constitute actionable violations under the Due Process Clause. An authorized deprivation is one that is carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

Based on the limited facts in the complaint, it does not appear that Defendant was authorized under established state procedures, regulations, or statutes to take Plaintiff's checks. To the contrary, the facts suggest conversion. Assuming that Defendant is a state employee, the California Legislature has provided a remedy for such a tort claim under California Government Code, §§ 900, et seq. Thus, the proper avenue to seek redress would be under state law, not federal law.

### C.  Leave to Amend

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order, to the extent possible. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Moreover, Plaintiff is advised that once he files

---

[1] The following legal standards and analysis assume for the purposes of discussion that Defendant Perez is a state actor whose actions may give rise to a § 1983 claim.

4

an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must therefore be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.   CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 12, 2011**                                                    /s/ Jennifer L. Thurston
                                                                                              UNITED STATES MAGISTRATE JUDGE

5