IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PEREZ,<br><br>             Plaintiff,<br><br>       vs.<br><br>MARITZA PEREZ,<br><br>             Defendant.<br>_____/ | Case No. 1:11-cv-00532 JLT (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO SEND PLAINTIFF A COURTESY COPY OF THE COURT'S PRIOR ORDER<br><br>(Doc. 8) |

By order filed April 13, 2011, the Court dismissed Plaintiff's complaint with thirty days leave to amend. (Doc. 6.) The thirty-day period expired without Plaintiff filing an amended complaint or otherwise responding to the Court's order. Thus, on May 23, 2011, the Court issued an order to show cause instructing Plaintiff to explain in writing why this action should not be dismissed for his failure to prosecute. (Doc. 7.)

On June 7, 2011, Plaintiff responded to the order to show cause. (Doc. 8.) Therein, Plaintiff explains that he wishes to pursue his claims in this case, but he recently underwent surgery, has been transferred to a different institution, and is without his property. (Id.) Plaintiff also requests the Court appoint counsel to assist him in articulating his claims. (Id.)

Good cause appearing, the Court will provide Plaintiff extra time to file an amended complaint. However, the Court declines to appoint Plaintiff counsel at this time. Plaintiff is advised that he does

not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to Section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, the Court does not find that Plaintiff is unable to adequately articulate his claims.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court's May 23, 2011 order to show cause is **DISCHARGED**;
2. Within thirty days of the date of this order, Plaintiff shall file an amended complaint in accordance with the Court's April 13, 2011 order;
3. Plaintiff's request for appointment of counsel is **DENIED**; and
4. The Clerk of the Court is directed to send Plaintiff a courtesy copy of the Court's April 13, 2011 order and the form complaint for use in a civil rights action (Doc. 6).

IT IS SO ORDERED.

Dated:  **June 10, 2011**                         /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE