IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PEREZ, | Case No. 1:11-cv-00532 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THIS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| vs. | |
| MARITZA PEREZ, | (Doc. 10) |
| Defendant. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed April 13, 2011, the Court dismissed Plaintiff's complaint with leave to amend. (Doc. 6.) Now pending before the Court is Plaintiff's amended complaint filed June 29, 2011. (Doc. 10.)

I.  **SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).

**II.    THE AMENDED COMPLAINT**

In his amended complaint, Plaintiff largely reiterates the allegations in his original complaint. Plaintiff alleges that in 2009 his ex-wife or girlfriend gave two checks to Nurse Martiza Perez at Kaiser Permanente Hospital. (Doc. 10 at 2-3.) Plaintiff asserts that instead of depositing the checks into his account, Nurse Perez attempted, unsuccessfully, to deposit the funds into her own account. (Id. at 3.) Plaintiff now requests that Nurse Perez "pay[] for the damage she caused [him]." (Id.)

2

## III. DISCUSSION

### A. Under Color of State Law

As indicated above, to state a valid claim under § 1983 a plaintiff must show that the alleged constitutional deprivation was committed by a person acting under color of state law. West, 487 U.S. at 48. The key question in determining whether a person has acted under color of state law is whether that person's actions are "fairly attributable to the State." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). Generally, state employees exercising responsibilities pursuant to state law act under color of state law. West, 487 U.S. at 50. As to private actors, the Ninth Circuit has recognized at least four ways in which a private actor may be considered to have acted under color of state law: (1) the private actor performs a public function; (2) the private actor engages in joint activity with a state actor; (3) the private actor is subject to coercion or compulsion by the government; or (4) there is a governmental nexus with the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1092-96 (9th Cir. 2003).

In this case, there is no indication that Defendant Perez is a state official or employee. Nor do the facts show that Defendant Perez (1) was empowered by the state to serve a function "traditionally and exclusively governmental"; (2) engaged in joint activity with a state actor; (3) was significantly encouraged by the government in her actions; or (4) acted in a way such that there was a "close nexus" between her actions and the state. See id. at 1092-96. Rather, Defendant Perez appears to be a purely private actor who works at Kaiser Permanente Hospital. Accordingly, any claim for the deprivation of Plaintiff's rights caused by Defendant Perez' actions is not cognizable under § 1983.

### B. Deprivation of Constitutional or Federal Rights

To state a valid claim under § 1983 a plaintiff must also demonstrate a deprivation of rights secured by the Constitution or laws of the United States. West, 487 U.S. at 48. Here, Plaintiff has demonstrated neither. Plaintiff's allegations give rise to a conversion claim, if anything. Such claims, however, are the province of state law, not federal law.[1] Thus, for this reason as well, Plaintiff fails to state a cognizable claim under § 1983.

---

[1] Moreover, to the extent that Plaintiff states a claim under state law, this Court lacks jurisdiction over that matter. Plaintiff has not shown that "federal question" or "diversity" jurisdiction exists in this case. Accordingly, Plaintiff's state law claims, to the extent there are any, must be dismissed for lack of jurisdiction.

3

**C.     No Leave to Amend**

The Court previously provided Plaintiff with an opportunity to amend his complaint to attempt to cure the deficiencies in his pleadings. It is now clear that Plaintiff cannot state a cognizable claim under § 1983 based on his allegations. Therefore, the Court will dismiss this action with prejudice and will not afford Plaintiff further leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff on the deficiencies of his pleadings in its prior order dismissing complaint with leave to amend).

**IV.     CONCLUSION**

In accordance with the above, it is **HEREBY ORDERED** that:

1.     This action is **DISMISSED** for Plaintiff's failure to state a cognizable claim;

2.     This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and

3.     The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 1, 2011**                                            /s/ **Jennifer L. Thurston**
                                                                                           UNITED STATES MAGISTRATE JUDGE

4